UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GUARDIAN WARRANTY SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 22-CV-3869 ) |
| COMPASS VSC LLC, | ) ) |
| Defendant. | ) ) |

**COMPLAINT**

NOW COMES, the Plaintiff, AMERICAN GUARDIAN WARRANTY SERVICES, INC., by its attorneys, Konicek & Dillon P.C., and complains against Defendant, COMPASS VSC, LLC, as follows:

1. Plaintiff, American Guardian Warranty Services, Inc. ("American Guardian") brings this complaint against Defendant, COMPASS VSC, LLC, ("compassVSC") for its infringement and dilution of American Guardian's registered marks, common law rights, unfair competition and deceptive trade practices. For its complaint against compassVSC, American Guardian alleges as follows:

**NATURE OF THE CASE**

2. This is an action for trademark infringement, unfair competition and dilution pursuant to the Lanham Act, 15 U.S.C. §1125(a); dilution pursuant to the Illinois Trademark Registration and Protection Act, 765 ILCS §1036/65; consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. §505/1; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat §510/1.

1

3. Despite knowledge of American Guardian's extensive use and substantial rights in the COMPASS and COMPASS PROTECTION PLAN trademarks, Defendant compassVSC has attempted to use confusingly similar terms and logos in connection with similar services in competition with American Guardian and in violation of American Guardian's intellectual property rights.

4. Because of the immediate and irreparable harm caused by Defendant compassVSC's improper use of American Guardian's trademarks, American Guardian seeks preliminary and permanent injunctive relief, damages for Defendant's illegal and unauthorized acts and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a) and (b) (patent, copyright, trademark and unfair competition). This Court has jurisdiction over American Guardian's related Illinois claim under 28 U.S.C. §1367 (supplemental jurisdiction).

6. Jurisdiction can also be based upon the diverse citizenship of the parties in that Plaintiff American Guardian is a citizen of Illinois and Defendant compassVSC is a citizen of California. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is proper because the majority of the acts complained of took place and originated in this District and Defendant compassVSC does business in this District by providing an internet website and sales that has a substantial effect on United States commerce in this District.

## PARTIES

8. Plaintiff, American Guardian is and was at all times relevant hereto, a traditional corporation organized under the Illinois Business Corporation Act of 1983, having its principal place of business in the State of Illinois.

9. Plaintiff American Guardian is the registered owner of the trademarks in question.

10. Upon information and belief, Defendant compassVSC is and was at all times relevant hereto, a California limited liability company, having its principal place of business in the State of California.

11. At all times relevant, Defendant compassVSC conducted business, acquired clients, or sold vehicle service agreements through the internet, including but not limited to Illinois.

## BACKGROUND FACTS

12. On August 21, 2007, American Guardian registered the trademark known as "Compass Protection Plan." (See **Exhibit A**, Compass Protection Registration)

13. The Compass Protection Plan trademark was known as a design plus words, letters, and/or numbers. It consists of a half maritime compass that encapsulates the "C" in the word Compass. *Id.*

14. The Compass Protection Plan is used by Plaintiff American Guardian in connection with its new and used vehicle service contracts.

15. The Compass Protection Plan trademark has been continuously and prominently displayed and used for years in order to establish a strong reputation for quality products.

16. On December 9, 2014, American Guardian registered the trademark known as compass, which contains a half circle over the mark and arrow above the "p." (See **Exhibit B,** Compass Registration).

17. The compass trademark was known as a design plus words, letters and symbols. The compass trademark is unique.

18. American Guardian has invested substantial time, effort, and expense in promoting and marketing the Compass Protection Plan and the compass mark in connection with its services in this District.

19. As a result of the continuous advertising over many years, the Compass Protection Plan and **compass** mark has become, through public recognition, established as an asset of substantial value symbolizing the quality and type of service provided by American Guardian.

## DEFENDANTS UNAUTHORIED USE OF THE TRADEMARK

20. American Guardian has never authorized, licensed, or otherwise permitted Defendant compassVSC to use the Compass Protection Plan or the compass mark, or any confusingly similar variation thereof.

21. Without authorization, license or authority from American Guardian, Defendant compassVSC has begun using American Guardian's trademarks and has marketed and advertised its confusingly similar logo on its website in connection with its services of "compassVSC" ([www.compassvsc.com](www.compassvsc.com)).  (See **Exhibi**t C, Defendant's Website)

22. American Guardian advertises that it provides affordable and comprehensive extended warranty packages and that it protects drivers across the country with the highest possible coverage at the lowest price.

23. The public is likely to confuse American Guardian's Compass Protection Plan and compass mark with Defendant compassVSC's logo and website due to their similarity.

## DEFENDANT'S UNAUTHORIZED USE OF THE TRADEMARK CREATES A LIKELIHOOD OF CONFUSION

24. Defendant's unauthorized use of American Guardian's trademarks, or similar variations thereof, in connection with its automobile warranty services is likely to mislead, deceive, and

confuse the public. It is more than likely that consumers will conclude that Defendant is affiliated with American Guardian.

25. Defendant's use of the registered trademarks as pleaded here have and are likely to continue to dilute the value of American Guardian's trademarks by diminishing the public association of the marks with American Guardian's and working on adverse effect upon the distinctiveness of the mark, thus creating a likelihood of injury to American Guardian's reputation.

26. As a result of these actions by the Defendant, American Guardian has suffered and continues to suffer substantial damages and irreparable injury. American Guardian has no adequate remedy at law and unless Defendant is restrained and enjoined by the Court, said acts will be continued and continue to cause damage and irreparable injury to American Guardian and American Guardian's business. Because of the threatened continuation of loss of customers and sales, American Guardian cannot ascertain the precise amount of its damages at this time.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

27. American Guardian claims violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a) based on federal trademark infringement. American Guardian repeats and re-alleges paragraphs 1-26 as fully set forth herein.

28. Defendant's unauthorized use of American Guardian's trademarks, or approximations or simulations thereof, including its use of an infringing service mark on its website (with a similar if not identical nautical compass logo) in interstate commerce has caused and is likely to cause confusion, mistake, or deception as to source, association or sponsorship with American Guardian's trademarks.

29. American Guardian has been and is being damaged by Defendant's trademark infringement and will continue to be damaged unless it is enjoined by this Court.

## COUNT II

### FEDERAL UNFAIR COMPETITION VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

30. American Guardian alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). American Guardian repeats and re-alleges the allegations of paragraphs 1-29 as fully set forth herein.

31. Defendant's adoption and use of American Guardian's trademarks, or approximations or simulations as pleaded, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of Defendant's services and business as originating from or being in connection with American Guardian when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

32. American Guardian has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage American Guardian unless enjoined by this Court.

## COUNT III

### FEDERAL DILUTION VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

33. American Guardian alleges federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). American Guardian repeats and re-alleges the allegations of paragraphs 1-32 above as though fully set forth herein.

34. Defendant's adoption and use of American Guardian's trademarks, or approximations or simulations as pleaded, constitutes uses in commerce of a mark after said mark has become recognized or famous, and causes dilution of the distinctive mark.

35. American Guardian has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage American Guardian unless enjoined by this Court.

## COUNT IV

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

36. American Guardian hereby alleges deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1. American Guardian repeats and re-alleges the allegations of paragraphs 1 through 35 above, as though fully set forth herein.

37. The Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1 provides that a person engages in deceptive trade practices when, inter alia, he "(1) passes off goods or services as those of another; … (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;" and that to prevail in an action under this Act, "a plaintiff need not prove competition between the parties or actual confusion or misunderstanding."

38. Defendant's adoption and use of American Guardian's trademarks, approximations or simulations, trades on the reputation of American Guardian with the intention of deceiving the public into believing that Defendant and American Guardian are associated is a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1 *et seq*.

39. American Guardian has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage American Guardian unless enjoined by this Court.

40. Based on Defendant's previous and continuing knowledge of American Guardian's' registered trademarks and continued activities, Defendant's violation of the Illinois Uniform Deceptive Trade Practices Act is willful.

## COUNT V

### VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

41. American Guardian alleges deceptive trade practice violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq*. Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

42. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. Section 505/1, *et seq*., makes "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" unlawful, regardless of "whether any person has in fact been misled, deceived or damaged thereby." 815 Ill.Comp.Stat. § 505/2.

43. Defendant's use of American Guardian's trademarks, or approximations or simulations with the intention of misleading or deceiving the public into believing that Defendant and American Guardian are associated is a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. Section 505/1-12.

44. American Guardian has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage American Guardian unless enjoined by this Court.

45. Based on Defendant's previous and continuing knowledge of American Guardian's registered trademarks and continued activities, Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, American Guardian prays:

1. That Defendant, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with it, be preliminarily and thereafter permanently enjoined and restrained from using the aforementioned registered trademarks and any other variation that gives rise to a likelihood of confusion, mistake or deception.

2. That the Court declare and order accounting against Defendant and Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

    a. All profits received by Defendant from sales and revenues of any kind made as a result of its unlawful actions;

    b. All damages sustained by American Guardian as a result of Defendant's acts of infringement and unfair competition; and

    c. An order awarding compensatory, consequential and other damages, including pre- and post-judgment interest, suffered as a result of Defendant's violations of 15 U.S.C. Section 1125(a).

3. That because of the exceptional nature of this case resulting from Defendant's deliberate and willful infringement (as a result of multiple cease and desist letters), this Court award American Guardian its reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. Section 1117(a).

4. Any other relief as this Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

                                        Respectfully submitted,

By:   /s/ Amir R. Tahmassebi
       One of Plaintiff's Attorneys

Amir R. Tahmassebi
Connor J. Whitting
KONICEK & DILLON, P.C.
70 W. Madison St., Suite 2060
Chicago, IL 60602
(T): 630.262.6955 | (F): 630.262.9659
amir@konicekdillonlaw.com
connor@konicekdillonlaw.com